```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/12/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
: 
UNITED STATES OF AMERICA :
: 18-CR-262 (VEC)
-against- :
: ORDER
:
VINCENT SCHIFANO, :
:
                        Defendant. :
------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

      WHEREAS on April 18, 2023, Mr. Schifano, acting through counsel, filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c), with relevant medical records (under seal), Mot., Dkt. 188;

      WHEREAS on May 11, 2023, the Government filed a letter stating that it did not oppose Mr. Schifano's motion and provided Mr. Schifano's Bureau of Prisons ("BOP") disciplinary records and supplemental medical records, Dkt. 203;

      WHEREAS Mr. Schifano has exhausted his administrative remedies as required by the statute, 18 U.S.C. § 3582(c)(1)(A), Mot. ¶ 5; and

      WHEREAS this Court has broad discretion when deciding a motion pursuant to 18 U.S.C. § 3582(c), but must determine whether (i) extraordinary and compelling reasons exist to grant such relief, (ii) whether a sentence reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a), and (iii) whether the release of the Defendant would pose a danger to the community, *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020); *United States v. Rodriguez*, No. 17-CR-157, 2020 WL 3051443, at *1 (S.D.N.Y. June 8, 2020); *United States v. Lisi*, No. 15-CR-457, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020).

IT IS HEREBY ORDERED that Mr. Schifano's Motion for Compassionate Release is GRANTED, and his term of incarceration is reduced to time served.

Note 1(A), Medical Condition of the Defendant, to U.S.S.G. § 1B1.13, states that "extraordinary and compelling reasons exist" when (i) "[t]he defendant is suffering from a terminal illness" (hereafter "Medical Condition Note").  The Court finds that extraordinary and compelling reasons exist pursuant to the Medical Condition Note because Mr. Schifano is suffering from terminal metastatic bladder cancer; despite chemotherapy, Mr. Schifano's physicians estimate that he has a high risk of mortality within the next six months.  *See* Gov. Resp. Ex. 2 ("Supp. Med. R."), Dkt. 203 at 3; *see also* Mot. Ex. 1 ("Med. R.") at 8.[1]  In conjunction with his recurrent bladder problems, Mr. Schifano has experienced urinary tract infections that have resulted in an alteration of his mental status.  *See* Supp. Med. R. at 3.  He has also been diagnosed with obesity, high blood pressure, high cholesterol, and cellulitis.  *See* Order, Dkt. 53 at 2.

Mr. Schifano is currently hospitalized, and his physicians have advised his transition into inpatient hospice care.  *See* Supp. Med. R. at 3.  The Court finds that a reduction in his term of incarceration to time served is compatible with the USSC's policy statements.  There is no dispute that Mr. Schifano is no longer a danger or risk to society.  He is sick, weak, disoriented, and bedridden.  His remaining few months on earth will be spent in end-of-life care, not money laundering.  Furthermore, Mr. Schifano is a model prisoner who has avoided BOP discipline and

---

[1]   Note 1(B), Age of the Defendant, states that "extraordinary and compelling reasons exist" when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least ten years or 75 percent of his or her term of imprisonment, whichever is less" (hereafter "Age of Defendant Note").  Mr. Schifano was sentenced to a term of imprisonment of 108 months, or nine years, the full term of which is set to expire on April 9, 2027, or by December 9, 2025, with good time credit.  Gov. Opp. to First Mot., Dkt. 50 at 5; *see also* Judgment, Dkt. 25 at 3.  Even assuming good time credit, however, Mr. Schifano has not served 75 percent of his term of imprisonment; accordingly, the Age of the Defendant Note factors are not met.

taken advantages of BOP courses and opportunities.  *See* Gov. Resp. Ex. 1 ("Disciplinary R."); Order, Dkt. 53 at 3–4.

Lastly, the Court considers the applicable section 3553(a) factors, and finds they do not outweigh its finding that Mr. Schifano's deteriorating health qualifies him for compassionate release.  His present poor health does not, of course, reduce his culpability or diminish the harm he caused.  His crimes were undoubtedly serious — he agreed to launder millions for two violent organizations, the Fuerzas Armadas Revolucionarias de Colombia ("FARC") and the Sinaloa Cartel.  Presentence Rep., Dkt. 19 ¶¶ 9, 11–14.  Mr. Schifano further represented to a confidential source that he had "been laundering money for 20 years — for the Italians, the Russians, and now the FARC."  Sentencing Tr., Dkt. 28 at 25–26.

But having been incarcerated for five years, during what should have been his golden years, and having reached a point where the quality of life is minimal, Mr. Schifano has been adequately punished.  Releasing him will not discount the seriousness of his offense or diminish the message that his crimes were unacceptable.  It also will not prevent his sentence from serving as a general deterrent to white-collar criminal conduct.  Five years of incarceration — up to the point of approaching death — is not a slap on the wrist; it seems likely that no one who might be considering committing money laundering would view his sentence as lenient.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to terminate the open motion at Dkt. 188.

**SO ORDERED.**

**Date:  May 12, 2023**
**New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**